[Civ. No. 20364. Third Dist. May 22, 1981.]

JOSEPH MACHADO, Plaintiff and Appellant, v.
MICHAEL LINDEN HULSMAN et al., Defendants and
Respondents.

454

COUNSEL

Baker, Cornell & Baumbach and Larry A. Baumbach for Plaintiff and Appellant.

Porter, Scott, Weiberg & Delehant and Craig A. Caldwell for Defendants and Respondents.

OPINION

**PUGLIA, P. J.**—Plaintiff appeals from a summary judgment entered for defendants after the court determined workers' compensation proceedings were plaintiff's sole remedy under Labor Code sections 3361 and 3601. (All further statutory references are to sections of the Labor Code, unless otherwise indicated.) We affirm.

Plaintiff's complaint alleged he was a passenger in a firetruck owned by Glenn County and operated by defendant Hulsman on July 28, 1979, when the truck rolled over and injured him. Defendants' motion was based on: (1) section 3361, which provides that "[E]ach member registered as an active firefighting member of any regularly organized volunteer fire department . . . is an employee . . . and is entitled to receive compensation" in accordance with the provisions of the Labor Code, (2) section 3601, which provides that where the conditions of compensation exist, workers' compensation proceedings are the employees' exclusive remedy against both the employer and any other employee, and (3) the district fire chief's declaration that the only official record maintained by the district was a "Record of Fires" which showed plaintiff responded to and participated in six fire calls during July 1979 and was so engaged when the accident occurred.

The essence of plaintiff's claims of error on appeal is an attack on the documentation of his status. He claims the "Record of Fires" is insufficient evidence of registration under section 3361. His opposing affidavit filed in the trial court indicates he never took any steps to register as a member of the fire protection district and was issued no indicia of membership in the district. He also cited to sections of the Health and Safety Code requiring fire companies in unincorporated towns to record certificates listing active and honorary members with the county recorder. (Health & Saf. Code, §§ 14825-14830.) However, as the trial court noted in its ruling on the summary judgment motion, the declarations defendants filed show that the Artois Fire Protection District was formed in accordance with other provisions of the Health and Safety Code to which these requirements do not apply. (See Health & Saf. Code, §§ 13801-13999.)

We agree with the trial court's application of section 3361 to the facts of this case. Labor Code provisions extending workers' compensation benefits are to be liberally construed in favor of the application of those benefits (§ 3202; see 2 Witkin, Summary of Cal.

Law (8th ed. 1973) Workmen's Compensation, § 7, p. 856) even where it might be to the advantage of a particular plaintiff to avoid them and seek a remedy at law. (*Scott* v. *Pacific Coast Borax Co.* (1956) 140 Cal.App.2d 173, 178 [294 P.2d 1039].) ▮ Since no particular form of registration is mandated by section 3361, a liberal interpretation of its terms encompasses the district's "Record of Fires."

The judgment is affirmed.

Paras, J., and Blease, J., concurred.