Filed 3/19/13  Rivera-Sanchez v. Perez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DOLORES RIVERA-SANCHEZ, Individually and as Successor in Interest, etc., et al., | C065350 |
| Plaintiffs and Appellants, | (Super. Ct. No. 39-2008-00182847-CU-PO-STK) |
| v. | |
| ALEJANDRO PEREZ, | |
| Defendant and Respondent. | |

Juan Sanchez fell off of defendant Alejandro Perez's roof while making repairs to the roof as a favor to defendant.  Sanchez died as a result of his injuries.  The decedent's survivors sued defendant alleging negligence, but the trial court entered summary judgment.  On appeal, plaintiffs contend that (1) the trial court incorrectly found that the decedent was *not* defendant's employee, (2) the undisputed facts established that defendant is liable for ordinary negligence, and (3) their cause of action for negligent infliction of emotional distress is still viable.  As none of the contentions has merit, we affirm.

1

FACTS

The trial court recounted the undisputed facts in its order granting defendant's motion for summary judgment as follows:

"On April 22, 2006, decedent, Juan Sanchez, fell from the roof of the residence of Defendant Perez . . . . Prior to the incident, Defendant Perez was informed and believed that there were some areas of dry rot under the eaves on various portions of the roof. The sole cost of the roof repairs was $186.68, which was the cost of supplies purchased by Perez. The decedent had several years of construction experience, including roofing repairs and according to his wife knew how to perform all aspects of construction. On April 22, 2006, the decedent began making roof repairs to Defendant's eaves. The decedent used his own tools and ladder to make the repairs, with the exception of one saw which was provided by Defendant Perez. Defendant Perez's only assistance in the repairs was handing materials up the ladder. As decedent was familiar with roof repairs, Defendant Perez did not direct the details of the decedent's work. Prior to the decedent's fall, his wife warned him to be careful because he was near the edge of the roof. Defendant Perez subsequently found the decedent [lying] injured on the driveway. Decedent was transported to San Joaquin County General Hospital where he died the following day from his injuries. Prior to the fall, the decedent had been drinking beer. None of the Plaintiffs witnessed the fall, but were notified afterwards. There were no witnesses who saw how decedent fell from the roof. The decedent was not a minor at the time of the fall." (Citations to record and unnecessary capitalization omitted.)

PROCEDURE

Plaintiffs filed a first amended complaint, alleging wrongful death, negligence, premises liability, and survival action for expenses.

Defendant filed a motion for summary judgment. He asserted that plaintiffs could not establish that he had a duty of care and, even if he had a duty of care, he did not breach the duty of care, as a matter of law. Defendant also asserted that plaintiffs could

2

not establish causation and did not have a claim for emotional distress for witnessing the accident.

Plaintiffs responded that defendant was liable for failing to provide a safe work place and that the decedent did not assume the risk.

The trial court granted defendant's motion for summary judgment. It concluded that: (1) all of plaintiffs' causes of action were for negligence; (2) defendant did not owe the decedent a duty of care; (3) California Occupational Safety and Health Act (Cal-OSHA) regulations were inapplicable; (4) the decedent was not defendant's employee; (5) defendant did not exercise control over the work; (6) defendant had no duty to warn the decedent of an obviously dangerous condition; (7) plaintiffs cannot establish causation; (8) the decedent assumed the risk; and (9) plaintiffs cannot establish a claim for emotional distress.

Having granted defendant's motion for summary judgment, the trial court entered judgment in defendant's favor.

### STANDARD OF REVIEW

A "motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code of Civ. Proc., § 437c, subd. (c).) "A cause of action has no merit if . . . [o]ne or more of the elements of the cause of action cannot be separately established . . . ." (Code of Civ. Proc., § 437c, subd. (o)(1).) "A defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . . Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . . The plaintiff . . . may not rely upon the mere allegations . . . of its pleadings to show that a triable issue of material fact exists

3

but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ."  (Code of Civ. Proc., § 437c, subd. (p)(2).)

"In ruling on [a] motion [for summary judgment], the court must 'consider all of the evidence' and 'all' of the 'inferences' reasonably drawn therefrom [citation], and must view such evidence [citations] and such inferences [citations], in the light most favorable to the opposing party."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  A trial court may not grant a motion for summary judgment that is based on an inference from the evidence that is contradicted by other inferences or evidence.  (*Id*. at p. 856.)

On appeal, this court "independently review[s] a motion for summary judgment using the same legal standards that governed the trial court's determination of the motion."  (*Catholic Healthcare West v. California Ins. Guarantee Assn.* (2009) 178 Cal.App.4th 15, 23.)  More specifically, "[w]e examine the pleadings to ascertain the elements of the plaintiff's claim; the moving papers to determine whether the defendant has established facts justifying judgment in its favor; and, if the defendant did meet this burden, plaintiff's opposition to decide whether he or she has demonstrated the existence of a triable issue of material fact.  [Citations.]"  (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 805-806.)

DISCUSSION

I

*Employment Status of Decedent*

Some of plaintiffs' arguments on appeal are based on their assertion that the decedent was defendant's employee.  For example, if the decedent was defendant's employee, then the workers compensation laws apply.  However, none of plaintiffs' arguments imputing employment status is tenable.  Therefore, as the trial court found, the decedent was not defendant's employee.

4

A. *Labor Code section 2750.5*

Plaintiffs claim that the decedent was defendant's employee under the presumption created in Labor Code section 2750.5. But that presumption does not apply here because the job fell within an exception under Business and Professions Code section 7048.

Labor Code section 2750.5 states: "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to [the Contractors' State License Law], or who is performing such services for a person who is required to obtain such a license is an employee rather than an independent contractor. . . ."

Plaintiffs seek to apply Labor Code section 2750.5 to establish that the decedent was defendant's employee because the work the decedent was doing required a contractor's license (and the decedent did not have a contractor's license). However, Business and Professions Code section 7048 states that the Contractors' State License Law "does not apply to any work or operation on one undertaking or project by one or more contracts, the aggregate contract price which for labor, materials, and all other items, is less than five hundred dollars ($500), that work or operations being considered of casual, minor, or inconsequential nature." The only evidence of the cost of the project in this case was $186.68 that defendant spent on materials. Because the project cost less than $500, no contractor's license was required. And because no contractor's license was required, the Labor Code section 2750.5 presumption that the decedent was defendant's employee does not apply.

Plaintiffs attempt to avoid this conclusion by asserting that the true cost of the project is unknown and, therefore, we must remand for further discovery and trial. This attempt is futile for two reasons: first, plaintiffs provide no authority for this assertion that we must remand for further discovery and trial, and second, there was evidence of the cost of the project.

The appellate court may treat as forfeited any contention for which the brief does not provide citation to authority. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794.) Plaintiffs offer no authority for the proposition that they are entitled to remand, further discovery, and trial simply by positing that there may be further evidence on a material issue.

The evidence submitted by the parties of the cost of the project included defendant's receipts totaling $186.68 and defendant's statement in a declaration that the decedent agreed to help defendant as a favor and was not paid. Plaintiffs attempt to dispute this fact by saying, "Decedent was not paid because he died," but there is no evidentiary support for this and, in any event, it does not dispute that the decedent undertook the project as a favor to defendant. Plaintiffs also proffer the opinion of the decedent's wife -- one of the plaintiffs -- that, "It is customary for a person like defendant [] to feed the family and at the end of the job offer to pay the man who performs repairs to works [*sic*] on the house on the weekend." This general reference to purported custom does not effectively dispute defendant's specific statement that the decedent agreed to undertake the project as a favor.

Therefore, the total cost of the project was $186.68, and there was no law requiring a contractor's license. And again, as noted, the Labor Code section 2750.5 presumption that the decedent was defendant's employee does not apply.

Ignoring the fact that the Labor Code section 2750.5 presumption does not apply because the cost of the project was less than $500, plaintiffs cite *Mendoza v. Brodeur* (2006) 142 Cal.App.4th 72 for the proposition that the decedent was defendant's employee. That case, however, was based explicitly on the presumption created by Labor Code section 2750.5. The case is therefore inapposite.

B.    *Labor Code section 3357*

Plaintiffs also attempt to invoke Labor Code section 3357, which states: "Any person rendering service for another, other than as an independent contractor, or unless

6

expressly excluded herein, is presumed to be an employee." However, this workers compensation statute does not apply "if the essential contract of hire, express or implied, is not present." (*Spradlin v. Cox* (1988) 201 Cal.App.3d 799, 807.) A contract for hire requires "'(1) consent of the parties, (2) consideration for the services rendered, and (3) control by the employer over the employee.'" (*Ibid.*) Here, there was no consideration for services rendered, and defendant did not exercise control over the decedent. Therefore, the decedent was not an employee under Labor Code section 3357.

C.    *Defendant's Purported Concession*

Finally, plaintiffs contend, in a heading, that defendant conceded that the decedent was his employee. The text of the argument, however, does not explain how defendant conceded that the decedent was his employee. Instead, the text states: "It is usually an indication that the opponent has a valid point when a legal argument begins with the phrase, 'Assuming Arguendo.' In the case at bar, [defendant] concedes, 'Assuming Arguendo That The Decedent Was An Employee, The Plaintiffs Have Still Failed To Raise A Triable Issue Of Fact.' " It should be apparent to plaintiffs that this is not a concession of the point. To the contrary, it is simply an alternative argument -- one we need not reach because the evidence does not support a finding that the decedent was defendant's employee.

D.    *Conclusion*

In summary, plaintiffs offer no valid reason for finding that the decedent was defendant's employee. The decedent was not working for pay; he simply was doing a favor for a friend.

Because the decedent was not defendant's employee and, therefore, defendant's residence was not an employee's workplace, we need not address plaintiffs' contentions that (1) defendant, as an employer, failed to provide a safe workplace and (2) Cal-OSHA safety regulations were violated. (See *Cortez v. Abich* (2011) 51 Cal.4th 285, 291-292 [Cal-OSHA applies to employees and their workplaces].) "California courts have

consistently held that [Cal-OSHA] . . . was not meant to apply to homeowners, but to traditional places of industry and business. [Citations.]" (*Zaragoza v. Ibarra* (2009) 174 Cal.App.4th 1012, 1022-1023.)

## II

### *Common Law Liability*

Even though the decedent was not defendant's employee and workplace laws such as workers compensation and Cal-OSHA were not applicable, defendant may still be liable under an ordinary negligence analysis. (*Zaragoza v. Ibarra, supra*, 174 Cal.App.4th at pp. 1022-1023.)

Disclaiming any reliance on a premises liability analysis, plaintiffs assert that defendant is liable under an ordinary negligence analysis. However, as the trial court noted, there is no liability for ordinary negligence because plaintiffs cannot establish a duty (and a breach of that duty) or causation. Nonetheless, plaintiffs argue that defendant was negligent per se and that the decedent did not assume the risk. Those arguments are without merit.

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. [Citations.]" (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205.) Plaintiffs do not set forth clearly in the opening brief how the evidence supports each of these elements of a negligence cause of action. They make contentions concerning what theories may or may not apply to those elements, in no apparent order, which makes for a confusing and unfocused brief. We do not approach the issue the same way; instead, we consider the evidence as to each element of the cause of action, discussing plaintiffs' contentions in context. The sole exception is with regard to damages. There is no dispute about damages; however, as will be seen, there is no need to discuss damages because the other elements of a negligence cause of action are missing.

8

A.    *Duty*

Duty is the obligation to conform to a standard of care. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 500.) "Negligence is the failure to use reasonable care to prevent harm to oneself or to others. [¶] A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. . . ." (CACI No. 401.)

The question as to duty is whether defendant had a duty of care with respect to the decedent's safety on the roof. The trial court concluded that defendant did not have a duty to prevent the decedent's fall under a premises liability analysis because the danger of falling was an obvious danger about which defendant had no duty to warn. (*Rudnick v. Golden West Broadcasters* (1984) 156 Cal.App.3d 793, 800; *Beauchamp v. Los Gatos Golf Course* (1969) 273 Cal.App.2d 20, 28.)

However, plaintiffs disclaim any reliance on premises liability. Instead, they assert that the duty was to be found in Cal-OSHA regulations.

1.    Cal-OSHA Standards and Negligence Per Se

Plaintiffs argue that defendant was negligent per se because he failed to install fall protection for the decedent's benefit. They support this argument by reference to Cal-OSHA regulations. The argument is without merit because Cal-OSHA regulations relate to the workplace only.

"Negligence per se" is an evidentiary doctrine codified at Evidence Code section 669. The doctrine creates a rebuttable presumption of negligence if four elements are established. (Evid. Code, § 669, subd. (a).) Those elements are (1) the defendant violated a statute or regulation, (2) the violation proximately caused the injury, (3) the statute or regulation was designed to prevent such injury, and (4) the injured party is in the class the statute or regulation was designed to protect. (*Ibid.*)

Since Cal-OSHA regulations do not apply to defendant's home (*Zaragoza v. Ibarra, supra,* 174 Cal.App.4th at pp. 1022-1023), defendant did not violate any Cal-OSHA regulation. Therefore, negligence per se does not apply to this case.

### 2. Assumption of Risk

Plaintiffs contend: "The trial court essentially overruled *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, and revived the bar of assumption of the risk." This statement does not reflect what the trial court did. The court found no duty under a premises liability analysis. It did not hold that defendant is not liable because the decedent assumed the risk.

### B. *Breach*

A breach of a party's duty occurs when that party's conduct falls below the standard of care. (*Merrill v. Navegar, Inc., supra,* 26 Cal.4th at p. 500.) We need not discuss this element because plaintiffs have not identified an applicable duty of care.

### C. *Causation*

If a plaintiff can establish a duty and breach of that duty, the plaintiff must also establish that the injury was proximately caused by the breach of duty. (See *Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898.) As there was no duty and no breach, there can be no causation analysis. Nonetheless, we review briefly plaintiffs' contentions in this regard.

### 1. Expert Testimony

Plaintiffs contend that their expert's declaration that the decedent's injuries were caused by defendant's failure, as an employer, to install fall protection. Again, defendant was not the decedent's employee; therefore, expert testimony about what is required of an employer under Cal-OSHA is irrelevant.

### 2. Res Ipsa Loquitur

Plaintiffs also contend that the doctrine of res ipsa loquitur satisfies the causation element. He quotes *Cline v. Lund* (1973) 31 Cal.App.3d 755 at pages 762 and 763,

10

which states: "In the present case, there was sufficient evidence to show that the injury was of a nature that ordinarily does not occur in the absence of negligence. Although res ipsa loquitur does not apply where the balance of probabilities in favor of negligence cannot be found, it may apply where the cause of the injury is a mystery, if there is a reasonable and logical inference that defendant was negligent and that such negligence caused the injury. [Citations.] Each case must be determined on its own facts. [Citation.] In making such determination, the courts rely on expert testimony and on common knowledge, depending on the . . . circumstances of the case. [Citation.]" (*Ibid.*)

Here, there is no reasonable and logical inference that defendant was negligent. While someone may have been negligent, we do not know and probably never will. No one other than the decedent witnessed the fall. Since plaintiffs cannot establish a duty on defendant's part, the doctrine of res ipsa loquitur does not help them.

D. *Conclusion*

Because plaintiffs cannot establish the elements of an ordinary negligence cause of action, the trial court properly entered summary judgment.

### III

### *Negligent Infliction of Emotional Distress*

Plaintiffs assert that, if we reverse as to the other causes of action, we must also reverse as to their cause of action for negligent infliction of emotional distress. Since we do not reverse as to any cause of action, we need not consider this assertion.

### DISPOSITION

The judgment is affirmed. Defendant is awarded his costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

　　　　　NICHOLSON　　　, J.

We concur:

　　　BLEASE　　　, Acting P. J.

　　　MURRAY　　　, J.

11