[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1507 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1508 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1509 
OPINION
 STATEMENT OF THE CASE
Plaintiff Yolanda Saldana (Saldana) appeals from summary judgment granted in favor of defendant Globe-Weis Systems Co. (Globe-Weis) from a complaint alleging damages in personal injury and premises liability.
In August 1985, Saldana was employed by Globe-Weis as a punch press operator when her hand caught in the punch press resulting in the surgical amputation of four fingers. The press she was using was a Rouselle manufactured punch press originally equipped with a manufacturer-provided two-hand controlled button point of operation guard and a foot switch. In 1980, the Occupational Safety and Health Administration (OSHA) cited Globe-Weis for a dangerous condition concerning the point of operation guard. Globe-Weis was ordered to install brake monitors or a positive protection point of operation device. It is disputed between the parties whether Globe-Weis installed a fixed barrier guard, which was later approved by OSHA, and then removed the fixed guard, replacing it with a Possons pull-back guard. It is undisputed that a Possons pull-back safety device was in place at the time of the accident.
Saldana filed a complaint against Globe-Weis alleging negligence and premises liability pursuant to Labor Code section4558, subdivision (b).[1] *Page 1510 
In a separate complaint, Saldana sued Positive Safety Manufacturing Company (Positive Safety), the manufacturer of the Possons pull-back safety device which was attached to the punch press. Upon proper motion, the two cases were consolidated into one action.
Globe-Weis moved for summary judgment on the grounds that Saldana's exclusive remedy against Globe-Weis was before the Workers' Compensation Appeals Board under section 3602, subdivision (a), and Saldana did not raise any triable issue of fact which warrant application of section 4558, a statutory exception to that exclusive remedy. (See fn. 2, post.)
(1a) The trial court granted summary judgment on the basis that Saldana's exclusive remedy was under workers' compensation (§§ 3600 and 3602) and Saldana did not raise any triable issue of fact under section 4558[2] The court stated, "It is undisputed that the employer knowingly removed the old safety devices, but . . . no evidence has been presented that the change was made in disregard of the safety of the employee; and that is an essential element of § 4558"
On appeal, Saldana contends that the trial court abused its discretion by granting the motion for summary judgment. We will affirm.
 DISCUSSION
The trial court's sole function on a motion for summary judgment is issue finding, not issue determination. (Black v.Sullivan (1975) 48 Cal.App.3d 557, 567 [122 Cal.Rptr. 119].) The summary judgment procedure should be used with caution and any doubt as to the propriety of granting summary judgment should be resolved in favor of the party opposing the motion. (Mann v.Cracchiolo (1985) 38 Cal.3d 18, 35-36 [210 Cal.Rptr. 762,694 P.2d 1134].)
When a defendant moves for summary judgment, "its declarations and evidence must either establish a complete defense to plaintiff's action or *Page 1511 
demonstrate the absence of an essential element of plaintiff's case. If plaintiff does not counter with opposing declarations showing there are triable issues of fact with respect to that defense or an essential element of its case, the summary judgment must be granted." (Gray v. America West Airlines, Inc. (1989)209 Cal.App.3d 76, 81 [256 Cal.Rptr. 877].)
 Standard of Review (2a) Although both Saldana and Globe-Weis argue the appeal under the abuse of discretion standard, for reasons set forth hereinafter, we are unwilling to apply that standard. We are aware of two lines of cases setting forth separate standards in the review of a summary judgment ruling by a trial court.
Globe-Weis cites our own case of Perry v. Medina (1987)192 Cal.App.3d 603, 606 [237 Cal.Rptr. 532], as requiring application of the abuse of discretion standard. However, we have also previously stated that the proper standard of review regarding summary judgment is the independent determination of the effect of declarations (independent review standard). (American Nat.Bank v. Stanfill (1988) 205 Cal.App.3d 1089, 1097 [252 Cal.Rptr. 861]; Twain Harte Associates, Ltd. v. County ofTuolumne (1990) 217 Cal.App.3d 71, 80 [265 Cal.Rptr. 737].)
We now examine the position of the Fifth District relative to review of summary judgment orders. In so doing, we find that we are not alone among the districts in the contradictory application of the standard of review.
 Abuse of Discretion Standard
Prior to 1973, Code of Civil Procedure section437c provided that "the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in thediscretion of the court unless . . ." (Code Civ. Proc., §437c, italics added). Under then Code of Civil Procedure section437c, the only question ordinarily presented on appeal was whether the trial court abused its discretion. (Grady v. Easley (1941)45 Cal.App.2d 632, 641 [114 P.2d 635].)
In 1973, Code of Civil Procedure section 437c was revised making issuance of summary judgment mandatory if there is no triable issue of material fact. The 1973 revision, with subsequent modifications not pertinent here, still governs the grant of summary judgment. In pertinent part, it provides that "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact. *Page 1512 
. . ." (Code Civ. Proc., § 437c, subd. (c), italics added.) By revising Code of Civil Procedure section 437c to specifically preclude the use of discretion by the trial court, it was the intent of the Legislature to abrogate any real discretion the trial court had in granting the motion. (See Review of Selected1973 California Legislation (1974) 5 Pacific L.J. 289.)
In a case predating the 1973 revision, it was stated that in a motion for summary judgment there is no discretion to be exercised by the trial court. (Whitney's at the Beach v.Superior Court (1970) 3 Cal.App.3d 258, 266 [83 Cal.Rptr. 237] .) Paradoxically, it was later stated in Whitney's that if no triable issue exists and the court errs in denying the motion, the ruling is an error of law and is automatically an abuse ofdiscretion. (Ibid.)
Notwithstanding the clear intention of the Legislature to abrogate the use of discretion in deciding whether to grant summary judgment,[3] most districts, including the Fifth District, continue to use the standard of abuse of discretion. (People ex rel. State Lands Commission v. Superior Court
(1974) 36 Cal.App.3d 727, 736 [111 Cal.Rptr. 733] [incorrectly citing the Supreme Court case of Stationers Corp. v. Dun Bradstreet, Inc. (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449,398 P.2d 785] for this premise]; Black v. Sullivan, supra,48 Cal.App.3d 557, 567; Rubio v. Swiridoff (1985) 165 Cal.App.3d 400, 403 [211 Cal.Rptr. 338]; Avila v. Standard Oil Co.
(1985) 167 Cal.App.3d 441, 446 [213 Cal.Rptr. 314]; Boehm v.Superior Court (1986) 178 Cal.App.3d 494, 499 [223 Cal.Rptr. 716] ; Fireman's Fund Ins. Co. v. Fibreboard Corp. (1986)182 Cal.App.3d 462, 466 [227 Cal.Rptr. 203]; Perry v. Medina,supra, 192 Cal.App.3d 603, 606; Charpentier v. Von Geldern
(1987) 191 Cal.App.3d 101, 107 [236 Cal.Rptr. 233]; Domingue v.Presley of Southern California (1988) 197 Cal.App.3d 1060, 1063 [243 Cal.Rptr. 312]; Hoffman v. Citadel General Assurance,Ltd. (1987) 194 Cal.App.3d 1356, 1362 [240 Cal.Rptr. 253];Spradlin v. Cox (1988) 201 Cal.App.3d 799, 806 [247 Cal.Rptr. 347] ; Crocker Nat. Bank v. Emerald (1990) 221 Cal.App.3d 852, 859 [270 Cal.Rptr. 699]; McAlexander v. *Page 1513 Siskiyou Joint Community College (1990) 222 Cal.App.3d 768, 774 [272 Cal.Rptr. 70].)
Typically, the standard used is preceded by the statement, "a motion for summary judgment is addressed to the sound discretion of the trial court." (Leo F. Piazza Paving Co. v. FoundationContractors, Inc. (1981) 128 Cal.App.3d 583, 589 [117 Cal.Rptr. 268] .)
In none of the cases cited above does it appear that the issue of which "standard" to use was a contested issue on appeal. Furthermore, in none of the cases cited above was there a comparison to the independent appellate review standard nor a discussion of the rationale used in applying the abuse of discretion standard. Many of the districts and divisions which have employed the abuse of discretion standard have also, in other cases, applied the independent review standard.
So far as has been determined, only the Sixth Appellate District has steadfastly declined to apply the abuse of discretion standard.
No case could be found in which the California Supreme Court has stated, either in a holding or as dictum, which standard is the appropriate one to use for review of a summary judgment.
 Independent Review
The second line of cases follows the independent review of the declarations standard. Review of a trial court's determination involves pure matters of law, requiring a reassessment of the legal significance of the documents. (LaRosa v. SuperiorCourt (1981) 122 Cal.App.3d 741, 744-745 [176 Cal.Rptr. 224];AARTS Productions, Inc. v. Crocker National Bank (1986)179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].)
The court must apply the same three-step analysis required of the trial court:
"`First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond. . . . [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. . . . [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.'" (Zuckerman v. PacificSavings *Page 1514 Bank (1986) 187 Cal.App.3d 1394, 1400-1401 [232 Cal.Rptr. 458]; see also Laible v. Superior Court (1984) 157 Cal.App.3d 44, 46 [203 Cal.Rptr. 513].)
As pointed out in American Nat. Bank v. Stanfill, supra,205 Cal.App.3d 1089, 1097, it is the task of the reviewing court to determine whether the moving party has established facts which negate the opponent's claims and whether a triable issue of material fact has been shown.
Inexplicably, several decisions have indicated the appropriateness of both standards.
"Because the determination of the trial court is one of law based upon the papers submitted, the appellate court must make its own independent determination of their construction and effect. [Citation.] However, a motion for summary judgment is addressed to the sound discretion of the trial court, so that absent a clear showing of abuse, the judgment will not be disturbed on appeal. [Citation.]" (Hoffman v. Citadel GeneralAssurance, Ltd., supra, 194 Cal.App.3d 1356, 1362; see alsoFireman's Fund Ins. Co. v. Fibreboard Corp., supra,182 Cal.App.3d 462 at p. 466; Taylor v. Fields (1986)178 Cal.App.3d 653, 660 [224 Cal.Rptr. 186].)
Sound reasons exist for the correct application of the appropriate standard of review. (3) The party claiming an abuse of discretion has the burden of showing there has been a miscarriage of justice. Unless that is done, a reviewing court will not substitute its opinion and divest the trial court of its discretion. (Blank v. Kirwan (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].) Discretion is abused whenever, in its exercise, "the court exceeds the bounds of reason." (Denham
v. Superior Court (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65,468 P.2d 193].)
There are numerous instances in which we properly should prefer a trial court's decision on an issue over that of an appellate court. The primary example is the determination of disputed facts. The ability to observe the witnesses and to get the "feel of the case" warrant deference to a trial court's analysis of the evidence. (Hurtado v. Statewide Home Loan Co. (1985)167 Cal.App.3d 1019, 1024-1025 [213 Cal.Rptr. 712].) It necessarily follows, however, that where the trial court's nether position does not make it the better decision maker, appellate deference is not appropriate. (Id. at p. 1025.)
If we are compelled to apply the abuse of discretion standard here, so long as the trial court did not exceed the bounds of reason and cause a miscarriage of justice, we must uphold the order of the superior court granting summary judgment. (Denham
v. Superior Court, supra, 2 Cal.3d at p. 566.) *Page 1515 
(2b) Adherence to such standard is not required. Except for the provision in Code of Civil Procedure section 437c, subdivision (e) (see fn. 3, ante), there is no discretion to be exercised by a trial court in considering a motion for summary judgment. Therefore, any error made, if made at all, is one of law, not of discretion. In reviewing an order on a summary judgment, the reviewing court employs the same process as the trial court in determining whether, as a matter of law, summary judgment was appropriate. It is procedurally and legally incorrect to claim that a trial court has abused its discretion in such circumstances. (Street v. Superior Court (1990)224 Cal.App.3d 1397, 1402 [274 Cal.Rptr. 595].)
We concur with our previous cases of American Nat. Bank v.Stanfill, supra, 205 Cal.App.3d 1089 and Twain HarteAssociates, Ltd. v. County of Tuolumne, supra, 217 Cal.App.3d 71
in their application of the independent review standard and conclude that our application of the standard of abuse of discretion in Perry v. Medina, supra, 192 Cal.App.3d 603,Boehm v. Superior Court, supra, 178 Cal.App.3d 494 andRubio v. Swiridoff, supra, 165 Cal.App.3d 400 was incorrect.
 Does Globe-Weis Negate an Element of the Case Against It? (1b) As the defendant and the moving party, Globe-Weis had the burden of establishing a complete defense to Saldana's action or to conclusively negate a necessary element of her case and demonstrate that no material factual issue requires resolution by trial. (DeRosa v. Transamerica Title Ins. Co. (1989)213 Cal.App.3d 1390, 1395 [262 Cal.Rptr. 370].)
In the complaint filed by Saldana against Globe-Weis, two separate causes of action in negligence and failure to warn of a dangerous condition were alleged. By answer, Globe-Weis set forth as an affirmative defense the exclusive remedy of the worker's compensation law for Saldana based upon their employer-employee relationship.
It is undisputed that unless Saldana comes within section 4558, her exclusive remedy is under the workers' compensation law. In her complaint, she alleged liability pursuant to section 4558 on the part of Globe-Weis by its removal of a guard on the Rouselle punch press.
(4) In Ceja v. J.R. Wood, Inc. (1987) 196 Cal.App.3d 1372, 1377 [242 Cal.Rptr. 531], we explained the purpose of section 4558 *Page 1516 
"The obvious legislative intent and purpose in section 4558 is to protect workers from employers who wilfully remove or fail to install appropriate guards on large power tools. Many of these power tools are run by large mechanical motors or hydraulically. (Cal. Admin. Code, tit. 8, § 8:4188.) These sorts of machines are difficult to stop while they are in their sequence of operation. Without guards, workers are susceptible to extremely serious injuries. For this reason, the Legislature passed section 4558, subdivision (b), which subjects employers to legal liability for removing guards from powerful machinery where the manufacturer has designed the machine to have a protective guard while in operation."
(5) A cause of action under section 4558 includes the following elements: (a) that the injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press; and (b) that this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death. (2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, § 57, p. 618.)
(6a) Summary judgment was proper in this case if Globe-Weis, in its supporting declarations, sufficiently negated the essential element that the removal of the manufacturer's point of operation guard was carried out by Globe-Weis "under conditions known by the employer to create a probability of serious injury or death." (§ 4558, subd. (b).) (1c) "A defendant who moves for a summary judgment must prevail on the basis of his own affidavits and admissions made by the plaintiff, and unless the defendant's showing is sufficient, there is no burden on the plaintiff to file affidavits showing he has a cause of action or to even file counteraffidavits at all." (Rowland v. Christian,supra, 69 Cal.2d 108, 111.)
(6b) There are no reported decisions in California interpreting the meaning of the last phrase of section 4558, "under conditions known by the employer to create a probability of serious injury or death."
(7) "`[I]f statutory language is "clear and unambiguous there is no need for construction, and courts should not indulge in it." [Citation.] Unless [the party seeking an alternative construction] can demonstrate that the natural and customary import of the statute's language is either "repugnant to the general purview of the act," or for some other compelling reason, should be disregarded, this court must give effect to the statute's "plain meaning." [Citation.]'" (Swanson v. MatthewsProducts, Inc. (1985) 175 Cal.App.3d 901, 907-908 [221 Cal.Rptr. 84] .)
(6c) It appears that the Legislature has used the word "known" under section 4558 in the sense of actual awareness. Nothing in the statute *Page 1517 
indicates that the courts may impute knowledge or impose constructive knowledge. (Dowden v. Industrial Acc. Com.
(1963) 223 Cal.App.2d 124, 129 [35 Cal.Rptr. 541].)
In support of its motion, Globe-Weis filed declarations of Jerry Sasaki, the maintenance supervisor for Globe-Weis, and M.L. Nofziger, its division general manager. Neither of the two declarations addresses the issue of whether Globe-Weis knew that by removing the manufacturer's point of operation guard, a condition of probability of injury was being created.
Also submitted was the citation issued by OSHA in 1980 and portions of a deposition taken of Jerry Conde, the OSHA representative who issued the citation and who made the following inspection after Globe-Weis replaced the manufacturer-installed safety device.
The deposition of Conde establishes that Globe-Weis had the choice of bringing the existing hand controls "up to code or going to some other method of guarding." It does not establish or even touch upon whether Globe-Weis, by removing the manufacturer-installed guards, had knowledge of the creation of probability of injury in doing so.
Globe-Weis relies upon Conde's deposition testimony which states that at the time of the accident, the pull-back devices which were in place satisfied OSHA requirements.
Globe-Weis argues that it removed the button control guard with the intent and understanding of making the press safer. For this premise, we are cited to the declaration of Jerry Sasaki, which states that "because the manufacturer provided, two hand control guard was potentially dangerous," Globe-Weis "deactivated the manufacturer provided guard and substituted the Possons pullback devices." Sasaki made no specific mention of the "intent and understanding" of Globe-Weis. However, Code of Civil Procedure section 437c, subdivision (c) allows reasonable inferences to be drawn from the submitted evidence.
The question then becomes one of whether replacing a potentially dangerous safety device with another safety device necessarily carries an inference that the intent was to make it safer. We conclude that it does. It would be unreasonable to conclude that one would be cited by OSHA and directed to rectify the problem (and comply with OSHA standards) and then do so without an intent to make the condition safer. This is even more apparent when the replacement was impliedly under OSHA scrutiny, as was the case here. It then would necessarily follow that if there was an intent to make the *Page 1518 
press safer, that intent would be inimical to knowledge of the probability of serious injury.
However, Saldana argues that summary judgment may not be granted by the court based on inferences reasonably deducible from the papers submitted if such inferences are contradicted by other inferences raising a triable issue of fact. (Hepp v.Lockheed-California Co. (1978) 86 Cal.App.3d 714, 717-718 [150 Cal.Rptr. 408].) Saldana's point of law is well taken but is unsupported by the evidence submitted in the motion for summary judgment.
Initially, Saldana contends that prior to being cited by OSHA, Globe-Weis rendered the manufacturer-provided safety device substandard by "removing some of the wiring or otherwise modifying the devices." As evidence of that contention, we are cited to Saldana's own argument at the hearing on motion for summary judgment. The "evidence" to which reference is made falls far short of the requirements of Code of Civil Procedure section437c, subdivision (d) which states that "[s]upporting or opposing affidavits or declarations . . . shall set forth admissible evidence." (Overland Plumbing, Inc. v. Transamerica Ins. Co.
(1981) 119 Cal.App.3d 476, 483-484 [174 Cal.Rptr. 1].) It hardly bears mentioning that argument of counsel is neither a declaration nor admissible as evidence in court.
Next, Saldana attempts to counter the inference that Globe-Weis had no knowledge of probability of injury by alluding to the initial replacement of the manufacturer provided safety device with the fixed barrier device and the subsequent replacement with the pull-back device in operation at the time of the injury.
While a dispute exists between the parties as to whether the pull-back device replaced the manufacturer-provided safety device or the fixed barrier guard was an interim replacement prior to the installation of the pull-back device,[4] we must determine whether the fact in dispute is a material fact. (8) The presence of a factual dispute will not defeat a motion for summary judgment unless the fact in dispute is a material one. (Hidalgo v. Anderson (1978) 84 Cal.App.3d 378, 381 [148 Cal.Rptr. 557].)
(6d) In order to determine whether the factual dispute is material, we must decide whether a deducible inference is that, assuming the factual averment of Saldana, the replacement of the interim fixed barrier guard by *Page 1519 
the pull-back device indicates knowledge by Globe-Weis of the probability of injury by doing so. No such inference can be drawn.
We cannot conclude, without other evidence, that the mere replacement of the fixed barrier guard by the pull-back device lends such an inference. This is particularly true when, as here, the latter device itself meets OSHA standards.
 Knowledge at the Time of Removal Is Determinant (9) At oral argument, counsel for Saldana argued that under section 4558, Globe-Weis would be liable to Saldana if it failed to maintain the replacement pull-back device, even if Globe-Weis did not know, at the time of installation, of its dangerous condition. We must reject this contention. Section4558, subdivision (b) addresses the removal of a guard device "under conditions known . . . to create a probability of serious injury or death."
As noted previously, we must look at the "plain meaning" of the statute. (Swanson v. Matthews Products, Inc., supra,
175 Cal.App.3d at pp. 907-908.) By that analysis, we interpret the section to refer to knowledge at the time of removal (or replacement, see discussion, infra). Assuming arguendo that Globe-Weis's failure to later maintain the replacement device was the proximate cause of the injury, we do not believe that the statute encompasses situations where the employer did not know of any danger at the time of replacement with another guard andlater was negligent in failing to maintain the replacement guard.
 Section 4558, Subdivision (b) Does Not Penalize for Replacement or Repair of Defection Guards (10) The last contention of Saldana is that section 4558, subdivision (b) applies whenever the manufacturer's guard is replaced with a guard not initially provided by the manufacturer, regardless of the state of mind of the employer. She argues that the replacement device itself becomes a dangerous condition. She is in error. Such a narrow reading of section 4558, subdivision (b) is not warranted and would lead to absurd results. This interpretation would inhibit employers from correcting dangerous conditions. Under this construction, so long as the manufacturer's guard was left on, however dangerous it may be, any resultant injury would be limited by recovery under workers' compensation law. But if an employer acted in good faith and with the intent to make the power press safer for his employee, he would become *Page 1520 
liable under personal injury laws merely from the replacement of the manufacturer-provided defective guard. This contravenes public policy and could not have been intended by the drafters of section 4558
Summary judgment was properly granted.
 DISPOSITION
The judgment is affirmed. Costs are awarded to respondent.
Best, P.J., and Reid, J.,* concurred.
Appellant's petition for review by the Supreme Court was denied November 26, 1991. Mosk, J., was of the opinion that the petition would be granted.
[1] Labor Code section 4558, subdivision (b) reads: "An employee, or his or her dependents in the event of the employee's death, may bring an action at law for damages against the employer where the employee's injury or death is proximately caused by the employer's knowing removal of, or knowing failure to install, a point of operation guard on a power press, and this removal or failure to install is specifically authorized by the employer under conditions known by the employer to create a probability of serious injury or death."
All statutory references are to the Labor Code unless otherwise indicated.
[2] We note that it is not the burden of the responding party in a motion for summary judgment to raise triable issues of fact. The moving party carries the burden since he must prevail on the basis of his own affidavits. (Rowland v. Christian (1968)69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496].) Notwithstanding the apparent misunderstanding by the trial court in ruling on the motion, our application of the "independent review" standard, discussed infra, renders harmless any such misconception by the trial court.
[3] Code of Civil Procedure section 437c, subdivision (e) states: "If a party is otherwise entitled to a summary judgment pursuant to this section, summary judgment shall not be denied on grounds of credibility or for want of cross-examination of witnesses furnishing affidavits or declarations in support of the summary judgment, except that summary judgment may be denied in the discretion of the court, where the only proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to that fact; or where a material fact is an individual's state of mind, or lack thereof, and that fact is sought to be established solely by the individual's affirmation thereof."
Therefore, discretion to deny the motion is authorized only as set forth above. The court also retains discretion regarding certain procedural matters, such as the filing of a separate statement and the time constraints for filing opposition or reply. None of these exceptions affect our discussion.
[4] Both parties refer to the deposition of Jerry Conde to establish their respective positions on this issue.
* Retired judge of the Stanislaus Superior Court sitting under assignment by the Chairperson of the Judicial Council. *Page 1521