[No. A068335. First Dist., Div. Five. Sept. 29, 1995.]

LINDA ROMERO, Plaintiff and Appellant, v.
AMERICAN PRESIDENT LINES, LTD., et al., Defendants and
Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of sections II.B. and II.C.

**COUNSEL**

Stephine M. Wells and William R. Hopkins for Plaintiff and Appellant.

Michael W. Foster and Sarah A. Cunniff for Defendants and Respondents.

## Opinion

**PETERSON, P. J.**—Appellant Linda Romero filed this discrimination action against her current employer, respondent American President Lines, Ltd. (APL). Appellant contends she should have received certain internal transfers or a promotion to similar positions within APL. Appellant claims the failure to grant her these other positions constituted discrimination based upon her sex, her race (which she designates as Hispanic), or her age (which was between 40 and 42 at the times relevant here). She also contends she was subjected to unlawful retaliation, and harassment amounting to the creation of a hostile working environment based upon gender as a result of the conduct of her former supervisor, respondent Gerald Cople (Cople), who complained when appellant made mistakes, and asked her to do work related to his personal matters—including one occasion when he asked her to prepare letters relating to the recent death of his mother, for which labor appellant received overtime compensation. The trial court granted summary judgment against appellant's claims. We affirm.

### I. Facts and Procedural History

Appellant was first employed by APL in a number of secretarial positions from 1985 to 1989; she received performance reviews which were generally satisfactory, and left voluntarily to take a position working at Crystal Geyser Water Company. After several months at Crystal Geyser, appellant was fired on the grounds of poor attitude and work performance. She then sought and received another position at APL, working from 1990 to 1992 as executive secretary to APL's vice-president for domestic sales, Cople. Appellant worked with Cople for more than two years; but after their working relationship deteriorated, appellant was transferred with her consent to another similar position within APL, where she is still employed. Appellant describes her race as "Hispanic"; her age was 42 at the time she filed her claims of discrimination in 1992.

In 1992, appellant filed a charge of discrimination with the Department of Fair Employment and Housing (DFEH) and this lawsuit, alleging she had been discriminated against by APL and Cople based upon her race, sex, or age; she later added the claim that she had been retaliated against for filing discrimination claims with the DFEH. After two years in which the parties pursued discovery, APL and Cople (referred to together as APL hereafter) moved for summary judgment on appellant's claims. Appellant opposed the motion.

The trial court, after considering the motion and hearing oral argument, granted the motion for summary judgment, and adhered to its ruling on

appellant's motion for reconsideration. Appellant brought a timely appeal from the resulting judgment.

## II. DISCUSSION

█ We affirm the trial court's ruling. Summary judgment was proper because appellant produced no competent evidence to support her claims that she was denied certain positions at APL based upon discriminatory animus, rather than due to the superior qualifications of the other persons selected. Further, the evidence does not support appellant's other claims that she was subjected to harassment by APL, or was retaliated against for filing discrimination claims.

### A. *Standard of Review*

█ The parties first dispute the applicable standard of review. Appellant contends we must review this matter de novo; APL contends we should review only for an abuse of discretion. We agree with appellant on this point. █ While it is perhaps true that the trial court may be reversed under certain circumstances not relevant here for an abuse of discretion in *denying* a properly framed motion for summary judgment (see *FSR Brokerage, Inc.* v. *Superior Court* (1995) 35 Cal.App.4th 69, 72 [41 Cal.Rptr.2d 404]), on review from an order *granting* summary judgment, we must exercise de novo review (*Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 844 [30 Cal.Rptr.2d 768]).

█ APL wrongly relies upon portions of an opinion written by Justice Newsom of Division One of this district, *Flowmaster, Inc.* v. *Superior Court* (1993) 16 Cal.App.4th 1019, 1026 [20 Cal.Rptr.2d 666] (*Flowmaster*), in support of the proposition that in this district we review summary judgments according to an "abuse of discretion" standard, and do not apply independent review. In fact, *Flowmaster* explicitly held to the contrary: "We conduct a de novo examination of the evidence and independently review the trial court's determination of questions of law. [Citations.]" (P. 1026.)

It is true that the *Flowmaster* opinion did also quote uncritically, and out of proper context, from portions of certain other decisions which seemed to endorse an abuse of discretion standard. (See 16 Cal.App.4th at p. 1026.) The *Flowmaster* court quoted language to this effect which was drawn from a Second District opinion, *Hoffman* v. *Citadel General Assurance, Ltd.* (1987) 194 Cal.App.3d 1356, 1362 [240 Cal.Rptr. 253], which had derived

this proposition from a decision of Division Two of our district, *Leo F. Piazza Paving Co.* v. *Foundation Constructors, Inc.* (1981) 128 Cal.App.3d 583, 589 [177 Cal.Rptr. 268]. Division Two, in turn, had derived this supposed precept from *Brewer* v. *Home Owners Auto Finance Co.* (1970) 10 Cal.App.3d 337, 341 [89 Cal.Rptr. 231], which got it from *Exchequer Acceptance Corp.* v. *Alexander* (1969) 271 Cal.App.2d 1, 12 [76 Cal.Rptr. 328], which derived the "abuse of discretion" standard from what appears to be the ultimate source of this chain of precedent, an ambiguous dictum in *Majors* v. *County of Merced* (1962) 207 Cal.App.2d 427, 440 [24 Cal.Rptr. 610]. Those cases, while perhaps correctly decided on the facts and under the circumstances there presented, do not state the proper standard of review under our current summary judgment procedure. (*Saldana* v. *Globe-Weis Systems Co.* (1991) 233 Cal.App.3d 1505, 1515 [285 Cal.Rptr. 385] (*Saldana*); *Rosse* v. *DeSoto Cab Co.* (1995) 34 Cal.App.4th 1047, 1050 [40 Cal.Rptr.2d 680].)

■    It is also well settled that when we exercise appellate jurisdiction over an order granting summary judgment in a discrimination case, such as this one, we must review the matter de novo, granting no particular deference to the trial court ruling, in order to independently determine whether the defendants were entitled to judgment as a matter of law. (See *Martin* v. *Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1730 [35 Cal.Rptr.2d 181] (*Martin*); *University of Southern California* v. *Superior Court* (1990) 222 Cal.App.3d 1028, 1039-1040 [272 Cal.Rptr. 264] (*USC*).) This standard of independent review is applicable in a discrimination case, such as this one, despite the shifting burdens of production of evidence which govern such an action at trial. (See *Martin, supra,* 29 Cal.App.4th at pp. 1730-1731; *USC, supra,* 222 Cal.App.3d at pp. 1039-1040.) Of course, once a party bears the initial burden of demonstrating an entitlement to judgment as a matter of law, the opposing party may not defeat summary judgment by attempting to generate a factual dispute as to immaterial issues: "The presence of a factual dispute will not defeat a motion for summary judgment unless the fact in dispute is a material one." (*Saldana, supra,* 233 Cal.App.3d at p. 1518.)

B., C.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* page 1199.

## III. Disposition

The judgment is affirmed. Costs on appeal are awarded to APL.

King, J., and Haning, J., concurred.