Filed 8/30/24  Perez v. Haro CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| OLIVER PEREZ,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>LUISA HARO,<br><br>Defendant and Respondent. | B327746<br><br>(Los Angeles County<br>Super. Ct. No. 21AVCV00997) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven T. Morgan, Judge.  Affirmed.

The Wallace Firm and Bradley S. Wallace; Joseph S. Socher, and Joseph S. Socher for Plaintiff and Appellant.

McClaugherty & Associates, Jay S. McClaugherty, Hayden T. Traver; Polak, Vida & Barer, Daniel P. Barer, and Karen M. Stepanyan for Defendant and Respondent.

————————————————

Plaintiff Oliver Perez fell and broke his leg while climbing a dirt hill in defendant Luisa Haro's backyard. Perez, who owned a debris removal company, was in Haro's backyard to provide an estimate of the cost of hauling away dirt dug out of a trench at the base of the hill to build a retaining wall. Perez sued Haro for negligence and premises liability, and the trial court granted Haro's motion for summary judgment. Perez appealed.

We affirm the trial court's grant of summary judgment for Haro. As we discuss, while a property owner generally has a duty to warn of or to remediate a dangerous condition on her property, as a matter of law there is no duty to warn or remediate an "open and obvious" danger unless it is reasonably foreseeable that " 'occupants and visitors would, *by necessity*,' " encounter the danger. (*Nicoletti v. Kest* (2023) 97 Cal.App.5th 140, 147 (*Nicoletti*), italics added.) Because the danger posed by the dirt hill was open and obvious, and because Perez admitted he did not need to climb the hill to provide an estimate, there were no triable issues of material fact. The trial court thus properly granted Haro's motion for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Perez's injury.

Perez owns On Time Services, a debris removal company. Perez has worked on more than 100 residential and construction sites removing dirt, concrete, asphalt, and other kinds of debris.

Haro owns a home in Palmdale, California. At the rear of Haro's backyard is a small hill that had degraded over the more than 20 years Haro lived in the home. In early December 2020, Haro hired someone to dig a trench at the base of the hill so she

2

could construct a retaining wall to stabilize the hill. The trench separated the hill from the rest of the backyard.

About a week after the trench was dug, Haro contacted Perez to request an estimate of the cost of hauling the dirt that had been removed from the trench. Perez went to Haro's home the next day. Haro was not home when Perez arrived, so Perez let himself into her backyard through a side gate, walked around the yard, and took 10 to 15 pictures of the dirt to be removed. To take a final picture, Perez jumped or stepped over the trench onto the dirt hill. He lost his footing and began sliding down the hill, but then steadied himself and continued climbing. Three to five minutes later, the dirt "shifted" under Perez's feet, causing him to fall and break his leg. Perez lost consciousness for a couple of seconds; when he came to, he realized he was falling into the trench. Perez stabilized himself and called for help. Paramedics took Perez to the hospital, where he learned that his tibia and fibula were broken in two places.

## II. The present action; Haro's motion for summary judgment.

In December 2021, Perez filed the present action against Haro for negligence and premises liability. The operative complaint alleged that Perez was injured as a proximate result of Haro's negligent maintenance of her property. Haro generally denied the allegations of the complaint and asserted a number of affirmative defenses.

Haro filed a motion for summary judgment in July 2022. She asserted she did not have a duty to protect Perez from the risks inherent in his debris removal business under the doctrine of primary assumption of risk; it was not foreseeable that Perez would climb the hill to provide an estimate because her backyard

3

was fully visible without climbing the hill; Perez assumed the risk of injury because the hill was an obvious danger of which Perez should have been aware; and under the *Privette*[1] doctrine, a landowner is not liable for injuries to an independent contractor that result from a known hazard on the premises.

In support of her motion for summary judgment, Haro submitted Perez's deposition testimony in which Perez said he jumped or stepped over a three foot deep trench to access the hill. Perez was on the hill only for the purpose of taking pictures of the dirt to be removed; however, he admitted that he could have taken the pictures he needed without standing on the hill:

"Q:    . . . [W]ere you on that hill to take pictures?

"A:    Correct.  I was on my way up.

"Q:    Okay.  And why did you need to take a picture while standing on the hill?

"A:    It was my final picture of the whole lot.

"Q:    Was that the only reason you were standing on the hill?

"A:    That is correct. . . .

"Q:    . . . Would you have been able to take pictures of the backyard of the property without standing on the hill?

"A:    Presumably.

"Q:    So the picture that you actually took while on the hill, do you have that picture?

"A.    I do.

"Q:    Is there anything in that photograph you took while on the hill that could not have been photographed any other way but having been on the hill?

---

[1]    *Privette v. Superior Court* (1993) 5 Cal.4th 689.

4

"A:     *No.*"  (Italics added.)

Haro also submitted her own declaration, in which she said Perez had not told her, and she did not know, that Perez intended to climb the hill to provide an estimate.

Perez opposed the motion for summary judgment.  He asserted that the primary assumption of the risk doctrine did not apply; it was reasonably foreseeable that he would go on the hill to provide an estimate; the danger of unstable earth on the hill was not open and obvious; and the *Privette* doctrine did not apply under the facts of the case.

The trial court granted the motion for summary judgment. It explained that any danger posed by the hill and trench was so open and obvious that Haro had no duty to warn of or remediate the danger.  Further, Perez did not introduce any evidence that he was required to enter or cross the hill or trench to provide an estimate of the cost of dirt removal.  Thus, "[b]ased on the open and obvious nature of the hill and trench, Defendant is 'not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' [Citation.]  Thus, Plaintiff fails to meet [his] burden to show . . . a triable issue of one or more material facts."

The trial court entered judgment on January 13, 2023. Perez timely appealed.

## DISCUSSION

Perez contends:  (1) whether the danger that caused his injury was open and obvious was a question of fact for a jury, (2) Haro had a duty to eliminate the foreseeable risk of harm posed by the hill even if it was open and obvious, (3) the assumption of risk doctrine raised triable issues of comparative

5

fault that must be resolved by a jury, and (4) there were triable issues as to whether the *Privette* doctrine applied.

## I.    Standard of review.

A motion for summary judgment shall be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  (Code Civ. Proc., § 437c, subd. (c).)  "[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if [moving party] carries [the] burden of production, . . . the opposing party is then subjected to a burden of production of his [or her] own to make a prima facie showing of the existence of a triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).)

A defendant moving for summary judgment must show that the plaintiff cannot establish at least one element of the cause of action.  (*Aguilar, supra,* 25 Cal.4th at p. 853.)  To do so, the defendant may either present evidence that conclusively negates an element of the plaintiff's cause of action or may present evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence.  (*Id.* at p. 855.)

On appeal from a summary judgment, we review the record de novo to determine whether triable issues of material fact exist. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767; *Nicoletti, supra,* 97 Cal.App.5th at p. 144.)  " 'In performing an independent review of the granting of summary judgment, we conduct the same procedure employed by the trial court.  We examine (1) the pleadings to determine the elements of the claim, (2) the motion to determine if it establishes facts justifying

6

judgment in the moving party's favor, and (3) the opposition— assuming movant has met its initial burden—to "decide whether the opposing party has demonstrated the existence of a triable, material fact issue." ' (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630.) 'We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale.' (*Ibid*.) Thus, a reviewing court 'will affirm a summary judgment if it is correct on any ground that the parties had an adequate opportunity to address in the trial court.' " (*Nicoletti*, at p. 144.)

## II. The trial court properly granted summary judgment because Haro did not have a duty to warn of or remediate the hillside as a matter of law.

### A. Legal standards.

To prevail on his claims for negligence or premises liability, Perez had to establish that Haro owed him a duty of care with respect to the alleged dangerous condition that caused his injury. (*Montes v. Young Men's Christian Assn. of Glendale, California* (2022) 81 Cal.App.5th 1134, 1139 (*Montes*); *Nicoletti, supra,* 97 Cal.App.5th at p. 145; *Jacobs v. Coldwell Banker Residential Brokerage Co.* (2017) 14 Cal.App.5th 438, 446 (*Jacobs*).) Whether a duty of care exists is a question of law for the court. (*Kentucky Fried Chicken of Cal., Inc. v. Superior Court* (1997) 14 Cal.4th 814, 819; *Montes*, at pp. 1139–1140.)

Whether a duty should be imposed on a defendant depends on a variety of policy considerations, known as the *Rowland* factors. (*Rowland v. Christian* (1968) 69 Cal.2d 108, 112–113; *Montes, supra*, 81 Cal.App.5th at p. 1140; *Nicoletti, supra*,

7

97 Cal.App.5th at p. 145.)  Those factors include the foreseeability of harm to the plaintiff, the burden on the defendant, and the consequences to the community of imposing a duty.  (*Jacobs*, *supra*, 14 Cal.App.5th at p. 446.)  " 'A court's task— in determining "duty"—is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party.' " (*Nicoletti*, at p. 145; see also *Jacobs*, at pp. 446–447.)

A harm is typically not foreseeable if the "dangerous condition is open and obvious."  (*Jacobs*, *supra*, 14 Cal.App.5th at p. 447, citing *Osborn*, *supra*, 224 Cal.App.3d at pp. 114–121; see also *Montes*, *supra*, 81 Cal.App.5th at p. 1140 [" 'Foreseeability of harm is typically absent when a dangerous condition is open and obvious.' "].)  " 'Generally, if a danger is so obvious that a person could reasonably be expected to see it, the condition itself serves as a warning, and the landowner is under no further duty to remedy or warn of the condition.' [Citation.]  In that situation, owners and possessors of land are entitled to assume others will 'perceive the obvious' and take action to avoid the dangerous condition." (*Jacobs*, at p. 447; see also *Nicoletti*, *supra*, 97 Cal.App.5th at pp. 145–146; *Montes*, at p. 1140.)

An exception to this general rule exists when " 'it is foreseeable that the danger may cause injury despite the fact that it is obvious (e.g*.,* when necessity requires persons to encounter it).' " (*Montes*, *supra*, 81 Cal.App.5th at p. 1140; see also *Nicoletti*, *supra*, 97 Cal.App.5th at pp. 146–147 [same].)  In other words, "while the obviousness of the condition and its

8

dangerousness may obviate the landowner's duty to remedy or warn of the condition in some situations, such obviousness will not negate a duty of care when it is foreseeable that, *because of necessity or other circumstances*, a person may choose to encounter the condition." (*Jacobs*, *supra*, 14 Cal.App.5th at p. 447, italics added; *Nicoletti*, at pp. 146–147; *Montes*, at p. 1140.)

### 1.    Cases finding no liability for dangerous conditions as a matter of law.

The Court of Appeal applied the principles articulated above to conclude that summary judgment had properly been granted for a defendant property owner in *Nicoletti*, *supra*, 97 Cal.App.5th 140.  There, the plaintiff fell and was injured while crossing her apartment building's driveway during a rainstorm.  She sued the building's owner for general negligence and premises liability, asserting that the owner had a duty to warn of the danger posed by the rainwater current flowing across the cement driveway.  (*Id.* at p. 143.)  The trial court granted the owner's motion for summary judgment, and the plaintiff appealed, urging that the dangerous condition caused by the lateral force of the flowing rainwater was not open and obvious. (*Id.* at p. 145.)  The Court of Appeal affirmed.  It explained that the danger posed by the current and wet cement was open and obvious as a matter of law because "a reasonable person would observe that running water could create a force that would cause someone to fall over" and " '[i]t is a matter of common knowledge among children and adults that wet concrete is slippery and that, when on a slanting incline' such as a driveway, 'it does not provide a safe footing.' " (*Id.* at p. 146.)  Further, because the apartment building had multiple entrances, the plaintiff did not

9

have to cross the driveway to access it.  (*Id.* at p. 147.)
Accordingly, the court said, summary judgment was properly
granted because the undisputed facts established that it was not
foreseeable that the plaintiff "would ' "knowingly embrace an
entirely obvious risk" ' by choosing to cross the . . . driveway."
(*Ibid.*)

 The Court of Appeal similarly concluded in *Jacobs*, *supra*,
14 Cal.App.5th 438.  There, the plaintiff, a potential buyer of a
bank-owned residential property, was injured when he fell into
an empty swimming pool after stepping onto a diving board that
collapsed under him.  (*Id.* at pp. 440–441.)  The plaintiff sued the
bank for negligence, and the trial court granted the bank's
motion for summary judgment.  (*Id.* at p. 443.)  The Court of
Appeal affirmed, concluding as a matter of law that the bank had
no duty to protect the plaintiff from "the open and obvious danger
of the empty pool."  (*Id.* at p. 446.)  The court also found that
there was no evidence from which a trier of fact could find that
"as a practical necessity, [the buyer] was foreseeably required to
expose himself to the danger of falling into the empty pool."
(*Id.* at p. 447.)  The court explained:  "[T]here is nothing in the
record suggesting that [the buyer] was under a 'necessity' to
confront the dangerous condition of the empty pool.  Although
[the buyer] wished to look over the fence, he was not compelled to
do so as part of his inspection.  He could have abandoned that
part of his inspection rather than stand on a diving board over an
obviously empty pool.  Alternatively, he could have found a safer
means of assessing whether someone could jump over the fence
into the backyard.  It was not reasonably foreseeable that he or
anyone else would use the diving board for that purpose."  (*Id.* at
p. 448.)  Thus, because the plaintiff's accident was not foreseeable

as a matter of law, the bank was not liable for failing to protect the plaintiff from the dangerous condition of the empty pool. (*Id.* at p. 449.)

The court also similarly concluded in *Montes*, *supra*, 81 Cal.App.5th 1134. There, after consuming alcohol and marijuana, the decedent fell to his death from the sloped roof of his apartment building. (*Id.* at p. 1136.) There were no guardrails, walkways or railings on the roof, and no physical barriers or warning signs prevented residents from accessing the roof. (*Id.* at pp. 1137–1138.) The Court of Appeal held that summary judgment was properly granted for the defendant building owner in an action brought by the decedent's parents because "[t]he danger from the steeply sloping roof with its broken Spanish tiles was open and obvious," and "there are no other circumstances in this case that might explain why it was reasonably foreseeable [the decedent] might choose to venture onto a steep sloping roof that was obviously dangerous." (*Id.* at pp. 1141–1142.) Accordingly, "[t]he law . . . is that defendant owed no duty to do anything to protect [the decedent] from his voluntary, unnecessary, and uninvited risk taking." (*Id.* at p. 1142.)

### 2. Cases finding triable issues of fact as to liability for dangerous conditions.

In *Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104 (*Osborn*), a truck driver was injured while preparing to unload ash and cement into the defendant's silo. The defendant had demolished the concrete ramp in front of the silo, making it necessary for the plaintiff to walk across rubble to access the silo. (*Id.* at pp. 109–110.) The Court of Appeal held the trial court had misinstructed the jury that a property owner can *never* be liable

11

for injuries caused by an open or observable danger; instead, the jury should have been instructed that a landowner may be required to remedy even an obvious danger "if it is *foreseeable* that the danger may cause injury despite the fact that it is obvious" because "*necessity requires persons to encounter it.*" (*Id.* at p. 122, second italics added; see also *id.* at p. 121 ["it is foreseeable that even an obvious danger may cause injury, if the practical necessity of encountering the danger, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger"].) Moreover, the court said, the error was prejudicial because there was evidence "that [the plaintiff's] employment required him to pass across [the rubble-strewn area] in order to complete his work." (*Id.* at p. 123.)

In *Krongos v. Pacific Gas & Electric Co.* (1992) 7 Cal.App.4th 387, 390 (*Krongos*), the decedent was electrocuted while working in a construction yard when a boom truck being used to stack timber touched an overhead high voltage power line. Decedent's widow and children sued the construction yard's lessor for negligence, and the trial court granted summary judgment for the lessor. The Court of Appeal reversed, holding a trier of fact could conclude that the lessor should have taken steps to prevent the injury because there was evidence that (1) the lessor knew that high voltage lines ran across its property, on which a boom truck was being operated, and (2) there was a "necessity" to use the boom truck on the property to move construction materials. (*Id.* at pp. 393–394.)

12

**B.** **The undisputed evidence established that the hill was an "open and obvious" danger to which Perez was not required to expose himself.**

We see no meaningful distinction between this case and *Nicoletti*, *Jacobs*, and *Montes*. As in those cases, the danger posed by the hill and trench in Haro's backyard was open and obvious: To paraphrase *Nicoletti*, it is a matter of common knowledge that because of its slanting incline and unstable surface, a dirt hill " 'does not provide a safe footing.' " (*Nicoletti*, *supra*, 97 Cal.App.5th at p. 146.) The danger posed by the dirt hill was exacerbated in this case by the three-foot-deep trench at the hill's base, increasing the risk to anyone who lost his footing. Both the hill and the trench were in plain sight, and Perez admitted he had seen them before he jumped over the trench to climb the hill. And, indeed, a video of Perez's ascent up the hill showed that he had lost his footing on the unstable ground several minutes before he fell and broke his leg, but he nonetheless continued climbing. The dangers presented by the hill and trench thus were open and obvious as a matter of law.

There also was no evidence in the present case from which a trier of fact could find that Perez was "foreseeably required to expose himself to the danger" posed by the hill and trench. (*Jacobs*, *supra*, 14 Cal.App.5th at p. 447.) Perez testified that he was on the hill for the sole purpose of taking pictures of the dirt to be removed. Perez conceded, however, that he did not need to take the pictures to give Haro an estimate of the cost of dirt removal; instead, he took the pictures for his records and to "add . . . [to] the invoice of the customer as proof that there was removal." Perez also testified that he could have taken all the pictures he needed without standing on the hill, and there was

13

not "anything in that photograph [he] took while on the hill that could not have been photographed any other way but having been on the hill." Therefore, as in *Nicoletti*, *Jacobs*, and *Montes*—and unlike *Osborn* and *Krongos*—it was unnecessary for Perez to " ' "knowingly embrace [the] obvious risk" ' " posed by the dirt hill. (See *Nicoletti*, *supra*, 97 Cal.App.5th at p. 147.)

Citing *Osborn* and *Krongos*, Perez contends that even if the hill posed an obvious risk, Haro nonetheless had a duty to warn of or remediate the risk if it was "foreseeable" Perez would access the hill, even if there was no "necessity" for him to do so. Neither *Osborn* nor *Krongos* so holds. As discussed above, *Osborn* held that a landowner may be required to remedy even an obvious danger "if it is foreseeable that the danger may cause injury despite the fact that it is obvious" *because* "necessity requires persons to encounter it." (*Osborn*, *supra*, 224 Cal.App.3d at p. 122, italics omitted; see also *id*. at p. 121 ["it is foreseeable that even an obvious danger may cause injury, if the practical necessity of encountering the danger, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger"].) *Krongos* held similarly, explaining that " '[i]t is foreseeable that even an obvious danger may cause injury, *if the practical necessity of encountering the danger*, when weighed against the apparent risk involved, is such that under the circumstances, a person might choose to encounter the danger.' " (*Krongos*, *supra*, 7 Cal.App.4th at p. 393, italics added.) In short, both *Osborn* and *Krongos* hold that it is foreseeable that a plaintiff will encounter an obvious hazard only if it is reasonably necessary to do so. Here, there was no such necessity: By Perez's own admission, he could have

14

adequately viewed and photographed the dirt to be removed without climbing the hill.[2]

Perez also contends that even if he could not recover for an injury caused by an obvious danger—and even if the height and slope of the hill were open and obvious as a matter of law—summary judgment should not have been granted because his injury was caused by the "unstable ground beneath his feet," *not* the "height, slope, or steepness of the hill."  We do not agree.  Plainly, Perez lost his footing because the unstable dirt was on an incline, not a flat plane:  Had the ground been flat, the allegedly loose or unstable condition of the dirt would not have caused

---

[2]    Perez also suggests that Haro had a duty to remediate the danger posed by the hill if there was even a " 'slight possibility' " Perez would access the hill.  But the sole case he cites, *Bigbee v. Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, is inapposite.  The issue in *Bigbee* was whether a person who was struck while in a telephone booth by a car driven by a drunk driver could recover from the telephone company for having placed the telephone booth close to a major thoroughfare.  The issue in *Bigbee* was not whether it was reasonably foreseeable that members of the public would use the telephone booth to make phone calls—it unquestionably was—but instead whether it was foreseeable that a car might crash into the phone booth and injure an individual inside who was using the phone booth in the manner intended.  (*Id.* at p. 57.)  As to that issue, the court said, "[o]ne may be held accountable for creating even ' "the risk of a slight possibility of injury if a reasonably prudent [person] would not [create such a risk]." ' "  (*Ibid.*)  In other words, *Bigbee* held that a defendant may be liable for an injury caused by an unlikely risk created by a foreseeable use of the defendant's property—*not* that a defendant may be liable for a plaintiff's unreasonable conduct in encountering an open and obvious danger.

Perez to fall as he did.  Moreover, it was not only the height and slope of the hill that were apparent to Perez before he began climbing, but also the presence of bare dirt and the absence of steps or a handrail.  To again paraphrase *Nicoletti*, " '[i]t is a matter of common knowledge' " that a bare dirt hill does not provide stable footing.  (*Nicoletti*, *supra*, 97 Cal.App.5th at p. 146.)

Perez next contends that Haro herself admitted that the hill was not an open and obvious danger, and the trial court thus erred in concluding otherwise.  Not so.  Haro testified at her deposition that once a year between 1988 and 2019, she had walked on the hill to remove tumbleweeds.  Although she did not consider the hill to be "dangerous," she was "afraid of slipping" because the ground was "not firm."  And, she had decided to erect a retaining wall because while the hill had been stable when she bought her home in 1988, the hill had "been getting lower and lower" and she was "losing firm land."  Considered together, this testimony is not an admission that the danger posed by the hill was not open and obvious.

Perez also contends that it is not relevant that he jumped across the trench to reach the hill because "neither his jump nor the trench had anything to do with the cause of his injury."  But the issue raised by Haro's motion for summary judgment was whether Haro had a duty to warn of or remediate the danger posed by her dirt hill.  As we have said, the existence of a duty turns, in significant part, on whether the harm to Perez was reasonably foreseeable.  (E.g., *Jacobs*, *supra*, 14 Cal.App.5th at

16

p. 446.)[3]  The presence of the trench is relevant to the question of foreseeability:  As a matter of law, it was not reasonably foreseeable that Perez would attempt to climb a dirt hill that was separated by a deep trench from the rest of Haro's backyard.

Perez also urges that there are triable issues of fact as to whether Haro insisted that Perez begin his inspection of the property before she returned home.  But while the evidence is disputed as to whether Haro permitted or insisted that Perez enter her property before she returned home, that dispute is not relevant to whether the dangerous condition of Haro's property

---

[3]  Perez cites several cases for the proposition that Haro "had a duty to reasonably inspect the property and to repair and/or warn of any dangerous conditions thereon."  Each of the cited cases articulates the general tort law rule that a landowner has a duty to exercise ordinary care to avoid exposing others to an unreasonable risk of harm, but none suggests there is a duty to remediate *all* dangerous conditions, and none addresses the open and obvious danger doctrine.  (See *Brown v. George Pepperdine Foundation* (1943) 23 Cal.2d 256, 259–262 [child sued building owners for injuries suffered when she fell down elevator shaft; court held landlord's duty to maintain elevators in a safe condition could not be met by perfunctory inspections]; *Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1615, 1619–1624 [child sued owners of apartment complex for injuries he suffered when he walked off the premises and was hit by a car; appellate court affirmed grant of summary judgment for defendant, concluding that as a matter of law, defendant did not owe plaintiff a duty to fence the complex]; *Davert v. Larson* (1985) 163 Cal.App.3d 407, 409–410 [plaintiff injured by horse that escaped from property owned in part by defendant; landowner may be held liable for negligently allowing livestock to escape from his property onto a highway].)  These cases thus do not apply in the present case.

17

was open and obvious, or to whether it was reasonably necessary for Perez to climb the hill to provide an estimate. The question of fact therefore is immaterial and does not preclude summary judgment. (*Romero v. American President Lines, Ltd.* (1995) 38 Cal.App.4th 1199, 1203 ["once a party bears the initial burden of demonstrating an entitlement to judgment as a matter of law, the opposing party may not defeat summary judgment by attempting to generate a factual dispute as to immaterial issues: '*The presence of a factual dispute will not defeat a motion for summary judgment unless the fact in dispute is a material one*' "], italics added.)

Finally, Perez contends that application of the "open and obvious" doctrine constitutes an "unwarranted resolution of factual comparative fault issues for which summary judgment was not appropriate." Not so. As discussed above, the existence of duty ordinarily is question of law so long as the underlying material facts are undisputed. (*Kentucky Fried Chicken of Cal., Inc. v. Superior Court, supra*, 14 Cal.4th at p. 819; *Montes, supra*, 81 Cal.App.5th at pp. 1139–1140.) Here, the facts regarding the perceivable condition of the hill are undisputed, and thus summary judgment was properly granted.[4]

---

[4]     Having so concluded, we need not consider whether summary judgment could also have been granted based on other grounds raised in Haro's motion, including under the assumption of the risk and *Privette* doctrines.

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded her appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EDMON, P. J.

We concur:



            ADAMS, J.



            BERSHON, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

19